**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SIMEX INC.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10083 |
| In re:<br><br>IWERKS ENTERTAINMENT, INC.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10081 |
| In re:<br><br>SIMEX-IWERKS MYRTLE BEACH, LLC,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10082 |

**MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE AND (II) AUTHORIZING FOREIGN REPRESENTATIVE TO FILE CONSOLIDATED LISTS OF INFORMATION REQUIRED BY BANKRUPTCY RULE 1007(A)(4)**

1. Deloitte Restructuring Inc., in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), which are the subject of jointly-administered proceedings (the "CCAA Proceedings") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA") in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), respectfully submits this motion (the "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing and directing joint administration of the Debtors' related chapter 15 cases (the "Chapter 15 Cases") for procedural purposes only pursuant to section

105(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and (b) authorizing the Foreign Representative to file consolidated lists of information required by Bankruptcy Rule 1007(a)(4). In support of this Motion, the Foreign Representative respectfully states as follows.

**Relief Requested**

2. The Foreign Representative seeks entry of an order directing joint administration of these Chapter 15 Cases for procedural purposes only. Specifically, the Foreign Representative requests that the Court maintain one file and one docket for all of the Debtors' Chapter 15 Cases under the case number assigned to Debtor SimEx Inc., and that these Chapter 15 Cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| SIMEX INC., et al.,[1] | Case No. 24-10083 |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

[1] The chapter 15 debtor incorporated in Canada and/or in the province of Ontario (the "Canadian Debtor"), along with the last four digits of the Canadian Debtor's Canadian business number, is: SimEx Inc. ("SimEx") (5222). The chapter 15 debtors incorporated in the United States (the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Iwerks Entertainment, Inc. ("Iwerks"), (9361) and SimEx-Iwerks Myrtle Beach, LLC ("SIMB") (8417). The Canadian Debtor and the U.S. Debtors are referred to herein, collectively, as the "Debtors" or "SimEx"). The Debtors' executive headquarters are located at: 210 King St East, 600, Toronto, Ontario, Canada, M5A 1J7.

3. The Foreign Representative further requests that the Court order that the foregoing caption satisfies the requirements set forth in section 342(a) and (c)(1) of the Bankruptcy Code.

4. The Foreign Representative also seeks the Court's direction that a notation substantially similar to the following be entered on the docket in each of these Chapter 15 Cases, other than on the docket of the case of SimEx Inc., to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 Cases of: SimEx Inc. (24-10083), Iwerks Entertainment, Inc. (24-10081), and SimEx-Iwerks Myrtle Beach, LLC (24-10082). The docket in Case No. 24-10083 should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 24-10083.**

5. Further, the Foreign Representative requests that the Court authorize the Debtors to utilize a combined service list for the jointly administered cases and that combined notices be sent to the Debtors' creditors and other parties in interest as applicable.

### Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Foreign Representative confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with the Verified Petitions (as defined herein) to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. §157(b)(2)(P).

7. These Chapter 15 Cases have been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of petitions for recognition of the Canadian Proceedings under section 1515 of the Bankruptcy Code (the "Verified Petitions").

8. Venue is proper pursuant to 28 U.S.C. § 1410(3).

9. The statutory predicates for relief are sections 101(2) and 105(a) of the Bankruptcy

Code, Bankruptcy Rules 1015(b) and 1007(a)(4), and Rule 1015-1 of the Local Rules.

## Basis for Relief

### I. Joint Administration

10. Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the Court may order joint administration of the cases. The Debtors are "affiliates" as the Bankruptcy Code defines that term in section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2).

11. Section 105(a) of the Bankruptcy code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Joint administration will be an administrative convenience for the Court, the clerk's office, and other interested parties. Entry of an order directing joint administration of these Chapter 15 Cases will avoid duplicative notices and motions, thereby saving the Debtors, the Foreign Representative, and all other parties in interest considerable time and expense. This Motion will not adversely affect the rights of creditors because it requests only administrative consolidation of these Chapter 15 Cases. Joint administration will not affect any claims, interests, or other rights that creditors have in or against a particular Debtor and will permit creditors to look to one bankruptcy case docket with regard to relief that may be sought or ordered with respect to the Debtors. Granting this Motion will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files.

13. Courts in this district and others have approved joint administration relief similar to that requested herein in other chapter 15 cases. *See, e.g., CDS U.S. Holdings, Inc.*, No. 20-11719

(JKS) (Bankr. D. Del. July 2, 2020); *In re Mundo Media Ltd.*, No. 19-11365 (KBO) (Bankr. D. Del. June 19, 2019); *In re Agrokor D.D.*, No. 18-12104 (MG) (Bankr. S.D.N.Y. July 13, 2018); *In re Mood Media Corp.*, No. 17-11413 (MEW) (Bankr. S.D.N.Y. May 23, 2017); *In re Electo Sonic Inc.*, No. 14-10240 (MFW) (Bankr. D. Del. Feb. 11, 2014); *In re Mega Brands, Inc.*, No. 10-10485 (CSS) (Bankr. D. Del. Feb. 23, 2010).

14. The Foreign Representative submits that joint administration of these Chapter 15 Cases is in the best interests of the Debtors, their creditors, and all other interested parties, and that no conflict of interest should arise as a result of joint administration. Requiring separate administration of these Chapter 15 Cases would subject the Foreign Representative (who would be forced to file documents on numerous dockets) and creditors (who would be forced to monitor numerous dockets) to unnecessary administrative burdens. For all of the foregoing reasons, the Foreign Representative respectfully requests the entry of an order providing for the joint administration of these Chapter 15 Cases.

**II.    Consolidated Bankruptcy Rule 1007(a)(4) List.**

15. The Court should also permit the Foreign Representative to file information required by Bankruptcy Rule 1007(a)(4) on a consolidated basis across all Debtors. In pertinent part, Bankruptcy Rule 1007(a)(4) provides that:

> [A] foreign representative filing a petition for recognition under Chapter 15 shall file with the petition: . . . (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under [section] 1519 of the [Bankruptcy] Code.

16. The Foreign Representative submits that the filing of a consolidated Bankruptcy Rule 1007(a)(4) list will be more efficient and that no interested parties will be prejudiced by the filing of consolidated schedules containing the same information as separate schedules.

Accordingly, the Foreign Representative seeks authority to file a consolidated list that identifies the names and addresses of those persons authorized to administer the CCAA Proceedings, parties to litigation pending in the United States in which a Debtor is a party, and all entities against whom provisional relief is being sought.

17. Courts have approved the filing of consolidated Bankruptcy Rule 1007(a)(4) lists in other chapter 15 cases. *See, e.g., CDS U.S. Holdings, Inc.*, No. 20-11719 (JKS) (Bankr. D. Del. July 2, 2020); *In re Mundo Media Ltd.*, No. 19-11365 (KBO) (Bankr. D. Del. June 19, 2019); *In re Kraus Carpet Inc.*, No. 18-12057 (KG) (Bankr. D. Del. Sept. 12, 2018); *In re Agrokor D.D.*, No. 18-12104 (MG) (Bankr. S.D.N.Y. July 13, 2018); *In re Edcon Holdings Ltd.* No. 16-13475 (SCC) (Bankr. S.D.N.Y. Dec. 14, 2016); *In re Pac. Expl. & Prod. Corp.*, No. 16-11189 (JLG) (Bankr. S.D.N.Y. May 2, 2016).

## Notice

18. The Foreign Representative requests that the Court grant this Motion without notice. The Foreign Representative will serve notice of entry of the order in accordance with the procedures set forth in the Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice, filed contemporaneously herewith, consistent with Bankruptcy Rule 2002(q) and Local Rule 9013-1(m). In light of the nature of the relief requested, the Foreign Representative requests that this Court find that no further notice is required.

## No Prior Request

19. No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth herein, the Foreign Representative respectfully

requests entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated:  January 25, 2024                    **CHIPMAN BROWN CICERO & COLE, LLP**

  */s/ Mark L. Desgrosseilliers*
  Mark L. Desgrosseilliers (No. 4083)
  Kristi J. Doughty (No. 3826)
  Hercules Plaza
  1313 N. Market Street, Suite 5400
  Wilmington, DE 19801
  Tel. (302) 295-0191
  Fax. (302) 295-0199
  desgross@ChipmanBrown.com
  doughty@ChipmanBrown.com

  -and-

  **PERKINS COIE LLP**

  Tina N. Moss (*pro hac vice* pending)
  1155 Avenue of the Americas
  22nd Floor
  New York, NY  10036
  Tel. (212) 262-6900
  Fax. (212) 977-1648
  TMoss@perkinscoie.com

  Paul Jasper (*pro hac vice* pending)
  505 Howard Street
  Suite 1000
  San Francisco, California 94105-3204
  Tel. (415) 344-7000
  Fax. (415) 344-7050
  PJasper@perkinscoie.com

  ***Attorneys for Foreign Representative***

**<u>EXHIBIT A</u>**
**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SIMEX INC., <br><br>     Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 24-10083 |
| In re: <br><br> IWERKS ENTERTAINMENT, INC., <br><br>     Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 24-10081 |
| In re: <br><br> SIMEX-IWERKS MYRTLE BEACH, LLC, <br><br>     Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 24-10082 |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE AND (II) AUTHORIZING FOREIGN REPRESENTATIVE TO FILE CONSOLIDATED LISTS OF INFORMATION REQUIRED BY BANKRUPTCY RULE 1007(A)(4)**

Upon the motion (the "Motion")[1] of the Foreign Representative of the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order"): (a) directing the joint administration of these Chapter 15 Cases for procedural purposes only; and (b) authorizing the Foreign Representative to file consolidated lists of information required by Bankruptcy Rule 1007(a)(4); the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 105, 109 and 1501 and Local Rule 1015-

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1; venue being proper before the Court pursuant to § 1410(1) and (3); and that this Court may enter a final order consistent with Article III of the United States Constitution; adequate and sufficient notice of the filing of the Motion having been given by the Foreign Representative; it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. These Chapter 15 Cases shall be, and they hereby are, consolidated pursuant to Bankruptcy Rule 1015(b), for procedural purposes only, and shall be jointly administered by the Court under Case No. 24-10083.

3. The caption of each of these Chapter 15 Cases shall be modified to reflect the joint administration of these cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| SIMEX INC., et al.,[1] | Case No. 24-10083 |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

---

[1] The chapter 15 debtor incorporated in Canada and/or in the province of Ontario (the "Canadian Debtor"), along with the last four digits of the Canadian Debtor's Canadian business number, is: SimEx Inc. ("SimEx") (5222). The chapter 15 debtors incorporated in the United States (the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Iwerks Entertainment, Inc. ("Iwerks"), (9361) and SimEx-Iwerks Myrtle Beach, LLC ("SIMB") (8417). The Canadian Debtor and the U.S. Debtors are referred to herein, collectively, as the "Debtors" or "SimEx"). The Debtors' executive headquarters are located at: 210 King St East, 600, Toronto, Ontario, Canada, M5A 1J7.

4. The foregoing caption satisfies the requirements set forth in section 342(a) and

(c)(1) of the Bankruptcy Code.

5. A docket entry shall be made in each of the above captioned chapter 15 cases, other than on the docket of the case of SimEx Inc., to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 Cases of: SimEx Inc. (24-10083), Iwerks Entertainment, Inc. (24-10081), and SimEx-Iwerks Myrtle Beach, LLC (24-10082). The docket in Case No. 24-10083 should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 24-10083.**

6. The Foreign Representative shall maintain, and the clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list in these Chapter 15 Cases. The Foreign Representative is authorized to send, as applicable, combined notices to the Debtors' creditors and other parties in interest.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 15 Cases.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

9. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the clerk of the Court is hereby directed to enter this Order on the docket in each Chapter 15 Case of the Debtors.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.