**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| SIMEX INC., *et al.*,[1] | Case No. 24-10083 (TMH) |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF ORDER SCHEDULING HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE PURSUANT TO SECTIONS 105, 1514, AND 1515 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 9007**

Deloitte Restructuring Inc., in its capacity as the authorized foreign representative (the "Foreign Representative" or "Deloitte") of the above-captioned debtors (collectively, the ("Debtors") which are the subject of jointly-administered proceedings (the "CCAA Proceedings") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA") in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), submits this motion (the "Motion"), and respectfully states as follows:

**RELIEF REQUESTED**

1.      Pursuant to sections 105(a), 1514, and 1515 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Foreign Representative seeks entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"):[2]

---

[1]     The chapter 15 debtor incorporated in Canada and/or in the province of Ontario (the "Canadian Debtor"), along with the last four digits of the Canadian Debtor's Canadian business number, is: SimEx Inc. ("SimEx") (5222). The chapter 15 debtors incorporated in the United States (the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Iwerks Entertainment, Inc. ("Iwerks"), (9361) and SimEx-Iwerks Myrtle Beach, LLC ("SIMB") (8416). The Canadian Debtor and the U.S. Debtors are referred to herein, collectively, as the "Debtors" or "SimEx"). The Debtors' executive headquarters are located at: 210 King St East, 600, Toronto, Ontario, Canada, M5A 1J7.

[2]     Capitalized terms not defined in this section are used as defined later in this Motion.

(a)     approving the proposed notice, annexed to the Proposed Order as **Exhibit I** (the "Recognition Hearing Notice"), which provides parties in    interest notice of, among other things, the following:

    i.      the Foreign Representative's filing of petitions for recognition under chapter 15 of the Bankruptcy Code (the "Chapter 15 Petitions") and certain related pleadings, including the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Initial Order and Amended and Restated Initial Order, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition"),

    ii.     the Court's entry of a provisional order (the "Provisional Order") granting the *Motion of Deloitte Restructuring Inc., as Foreign Representative, for an Order Granting Certain Provisional Relief*, including recognizing and enforcing in the United States, on a provisional basis, the Initial Order and, conditional upon approval by the Canadian Court, the Amended and Restated Initial Order,

    iii.    the deadline to object to final recognition of the CCAA Proceedings and the Court's entry of an order (the "Final Order") granting the relief sought in the Verified Petition (including an extension of the relief provided in the Provisional Order) on a final basis (the "Recognition Objection Deadline"), and

    iv.     the date, time and location of the Recognition Hearing (defined below).

(b)     scheduling a hearing (the "Recognition Hearing") for the Court to consider final recognition of the CCAA Proceedings as foreign main proceedings, or in the alternative, foreign nonmain proceedings, and the other relief sought in the Verified Petition on a final basis;

(c)     approving the manner of service on the Master Service List (as defined below) of the Recognition Hearing Notice;

(d)     approving the manner of service on the Core Notice Parties (as defined below) of any pleadings that the Foreign Representative files hereafter in these Chapter 15 Cases; and

(e)     granting certain related relief.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware, dated February 29, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

3.      The Foreign Representative consents to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      Venue is proper in this Court and this District pursuant to 28 U.S.C. §1410.

## BACKGROUND

5.      On January 17, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court with the goal of effectuating the breathing room and stability necessary to conduct a process for the investment in or sale of the Debtors' business as a going concern (the "SISP"). On January 19, 2024, the Canadian Court entered an Initial Order (the "Initial CCAA Order") appointing Deloitte as the Monitor and an officer of the Canadian Court Initial CCAA Order, ¶ 22-23.

6.      The Debtors further anticipate that the Canadian Court will enter an amended and restated Initial Order (the "Amended and Restated Initial Order") on or around January 29, 2024, a copy of which is attached hereto as **Exhibit B**. A description of the relief provided in the Initial Order and a description of the proposed relief set forth in the Amended and Restated Initial Order is set forth below and in the Motion of Deloitte Restructuring Inc., as Foreign Representative, for an Order Granting Certain Provisional Relief (the "Provisional Relief Motion" filed contemporaneously filed herewith.  In the event of a dispute as to the applicability of the Amended and Restated Initial Order between the Debtors and a party in interest that cannot be resolved, the party in interest may seek further hearing of the Court to resolve such dispute.

7. On the date hereof (the "Petition Date"), the Foreign Representative filed Verified Petitions, seeking, among other things, recognition of its status as the Debtors' foreign representative, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code, and certain related relief, thereby commencing the within Debtors' Chapter 15 Cases.

8. Pursuant to the proposed Provisional Order filed contemporaneously herewith, the Debtors request that this Court enforce in the United States, on a provisional basis, the Initial CCAA Order entered on January 19, 2024, by the Canadian Court and grant, on a provisional basis, related relief. The Debtors further request that this Court conditionally recognize the Amended and Restated Initial Order, on a provisional basis, upon approval of the Amended and Restated Initial Order by the Canadian Court.

9. Additional information about the Debtors' business and operations, the events leading up to the filing of the Chapter 15 Petitions and the facts and circumstances surrounding the CCAA Proceedings can be found in the *Declaration of Jorden Sleeth* in support of: (a) *the Filing of the Official Form Chapter 15 Petitions for the Debtors commencing the Debtors' chapter 15 cases* (the "Chapter 15 Cases"); (b) the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code*; (c) the *Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* (the "Provisional Relief Motion"); (d) the *Motion for Order (I) Directing Joint Administration of Cases Under Chapter 15 of the Bankruptcy Code and (II) Authorizing Foreign Representative to File Consolidated Lists of Information Required by Bankruptcy Rule 1007(A)(4)* (the "Joint Administration Motion"); and (e) the within *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice* (the "Notice Procedures Motion").

**PROPOSED NOTICE, OBJECTION PROCEDURES, AND HEARING**

A.     RECOGNITION HEARING NOTICE.

10.     Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Recognition Hearing Notice by electronic mail to the extent email addresses are available and otherwise by United States mail or Canadian mail, first class postage prepaid within three (3) business days following entry of the Proposed Order and the Provisional Order, or as soon thereafter as is reasonably practicable, on: (a) the Debtors; (b) all persons or bodies authorized to administer foreign proceedings of the Debtors, including the Monitor; (c) all parties to litigation pending in the United States in which a Debtor is a party at the time of the filing of the chapter 15 petitions; (d) all parties against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, including all known creditors and contract counterparties of the Debtors in the United States; (e) parties that have appeared in the CCAA Proceedings as of the date of service of the relevant pleading; (f) the Office of the United States Trustee for the District of Delaware; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Service List").

11.     The Recognition Notice will: (a) notify parties on the Master Service List of the filing of the Chapter 15 Petitions and certain related pleadings pursuant to the Chapter 15 Cases, including the Provisional Order, Verified Petition, the proposed Final Order, and the Initial Order and proposed Amended and Restated Initial Order in the CCAA Proceedings (collectively, the "Notice Documents"); (b) set forth the Recognition Objection Deadline and the date and time of the Recognition Hearing; (c) notify parties on the Master Service List that copies of the Notice Documents are available and may be examined (i) free of charge at the webpage maintained by the   Foreign   Representative   in   connection   with   the   CCAA   Proceedings   at

https://www.insolvencies.deloitte.ca/en-ca/pages/SimExInc.aspx, or (ii) downloaded for a fee from the Court's electronic docket at www.deb.uscourts.gov; and (d) provide a telephone number, address, and email address by which parties on the Master Service List may obtain documents filed in these Chapter 15 Cases, including the Notice Documents, from  undersigned counsel. To the extent that email addresses are available for parties on the Master Service List, undersigned counsel will include the Notice Documents as either an attachment or hyperlink in the electronic service of the Recognition Notice.

12.     A condensed form of the Recognition Hearing Notice (without exhibits) (the "Publication Notice") will be published in USA Today.  Accordingly, the Foreign Representative respectfully requests that this Court approve the Notice Documents and the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m), 2002(q)(1), and 9007.

**B.     CORE NOTICE PARTIES.**

13.     The Foreign Representative proposes to serve copies of the Notice Documents and other papers it files in these cases by electronic mail to the extent email addresses are available and otherwise by United States mail or Canadian mail, postage prepaid, on the following parties, or their counsel, if known: (a) the Debtors; (b) all persons or bodies authorized to administer foreign proceedings of the Debtors, including the Monitor; (c) the Office of the United States Trustee for the District of Delaware; (d) Royal Bank of Canada and BDC Capital Inc.; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Core Notice Parties").

**C.     OBJECTIONS TO CHAPTER 15 PETITIONS AND VERIFIED PETITION.**

14.     The Foreign Representative further requests that the Court require that objections or responses, if any, to the Chapter 15 Petitions, recognition of the CCAA Proceedings as foreign

main proceedings or foreign nonmain proceedings, or to any of the other relief requested in the Verified Petitions, (i) be in writing, (ii) detail the factual and legal basis for the response or objection, (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (iv) be filed with the *Office of the Clerk*, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor, Wilmington, Delaware 19801, served upon Deloitte Restructuring, Inc., Attn:  Jorden Sleeth, Bay Adelaide East, 8 Adelaide Street West, Suite 200, Ontario MSH 0A9, Canada (jsleeth@deloitte.ca) so as to be received at least seven days prior to the Recognition Hearing, and  served upon the  following counsel so as to be received at least seven days prior to the Recognition Hearing: (a) counsel for the Foreign Representative: (i)  Perkins *Coie LLP*, 1155 Avenue of the Americas, 22nd Floor, New York, New York 10046-2711, Attn:  Tina N. Moss, Esquire (TMoss@perkinscoie.com) and *Perkins Coie LLP*, 505 Howard Street, Suite 1000, San Francisco, California 94105-3204, Attn: Paul Jasper, Esquire (PJasper@perkinscoie.com) and (ii) *Chipman, Brown, Cicero & Cole, LLP,* Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801, Attn:  Mark L. Desgrosseilliers, Esquire and Kristi J. Doughty, Esquire (desgross@chipmanbrown.com and doughty@chipmanbrown.com); (b) counsel for the Royal Bank of Canada: (i) Dentons Canada**,** 77 King St. West, Suite 400,Toronto, ON M5K 0A1, Attention: Ken Kraft, John Salmas, and Sarah Lam (kenneth.kraft@dentons.com, john.salmas@dentons.com, and sarah.lam@dentons.com) and (c) counsel for BDC Capital Inc., Spetter Zeitz Klaiman**,**100 Sheppard Ave., East, Suite 850, Toronto, ON M2N 6N5, Attention: Jason Spetter (jspetter@szklaw.ca).

4876-2140-1760, v. 4

**D.    RECOGNITION HEARING.**

15.    The Foreign Representative requests that the Recognition Hearing be scheduled as soon as practicable on a date suitable to the Court.

**BASIS FOR RELIEF REQUESTED**

16.    Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21-days' notice of a hearing to consider granting the relief requested in a chapter 15 petition. Fed. R. Bankr. P. 2002(q)(1). The notice is also required to state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding and include any other document that the court may require. *See id.*

17.    Bankruptcy Rules 2002(m) and 9007 provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given. Fed. R. Bankr. P. 2002(m) and 9007. In addition, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by the Foreign Representative. *See* 11 U.S.C. § 105(a) (stating that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]"); *see also* 11 U.S.C. 103(a) (chapter 1 is applicable in a case under chapter 15).

18.    The Foreign Representative respectfully submits that the Recognition Hearing Notice and the proposed manner of serving the Recognition Hearing Notice and related papers should be approved because they meet the requirements of Bankruptcy Rule 2002(q). The proposed Master Service List comprises all the parties required to be served under Bankruptcy Rule 2002(q) (and additional parties not required to be served by that rule), and the Foreign Representative intends to give such parties at least twenty-one (21) days' notice by mail of the

4876-2140-1760, v. 4

Recognition Hearing as required. Additionally, the Recognition Hearing Notice states that the Foreign Representative is seeking recognition of the CCAA Proceedings as foreign main proceedings.

19.     Although Deloitte does not believe Local Rule 9013-1(m) is applicable under the circumstances, the Foreign Representative additionally respectfully requests the Court waive certain of the service requirements such Rule to the extent applicable. Local Rule 9013-1(m)(iv) provides that:

> Within forty-eight (48) hours of the entry of an order entered under this Local Rule ("**First Day Order**"), the debtor or foreign representative shall serve copies of all motions and applications filed with the Court as to which a First Day Order has been entered, as well as all First Day Orders, on those parties referred to in Local Rule 9013-1(m)(iii), and such other entities as the Court may direct.

Del. Bankr. L.R. 9013-1(m)(iv).

20.     Local Rule 9013-1(m)(iii) states, in relevant part, that the foreign representative shall serve certain documents on "the United States Trustee, the creditors included on any list filed under Fed. R. Bankr. P. 1007(d) and any party directly affected by the relief sought." Del. Bankr. L.R. 9013-1(m)(iii). Thus, Local Rule 9013-1 could be read to require service of the Notice Documents on the Debtors' entire creditor body because the proposed Provisional Order imposes a stay as against all creditors and parties in interest. Such a reading is inconsistent with Bankruptcy Rule 2002(q), which requires only that specified parties receive notice of the recognition hearing, and that such notice state whether the Chapter 15 petition seeks recognition as a foreign main proceeding or a foreign nonmain proceeding and shall include the petition.

21.     Similarly, applying Local Rule 9013-1(m)(iv) to require service of the Provisional Order or other documents on all creditors would be inconsistent with the notice requirements of plenary U.S. bankruptcy cases under other chapters of the Bankruptcy Code. In such cases,

creditors typically only receive notice of the imposition of the stay when a short form notice of commencement and section 341 meeting is mailed out several days or weeks into the case. Here, the Recognition Hearing Notice fulfills a similar function in that it advises creditors and other parties in interests of, among other things, the existence of the stay provided in the Provisional Order and other key case facts and deadlines, as well as where to obtain additional information or documents free of charge. Moreover, the Recognition Hearing Notice will be mailed to creditors and other parties in interest much sooner than a notice of commencement is typically sent in a chapter 11 case of similar size and complexity. To require a foreign representative in a chapter 15 case to serve the debtor's entire creditor body with the first day motions and orders would impose greater burdens on Chapter 15 debtors than Chapter 11 debtors and serves no practical purpose under the circumstances.

22.     For the above reasons, the Foreign Representative does not believe that Local Rule 9013-1(m) requires service of the Notice Documents on all parties on the Master Service List; however, out of an abundance of caution, the Foreign Representative respectfully requests that, to the extent applicable, the service requirements of Local Rule 9013-1(m) be waived in these Chapter 15 Cases.

23.     As set forth above, Deloitte has satisfied the requirements of Bankruptcy Rule 2002(q). In addition, service of the Notice Documents on all parties on the Master Service List, which comprises tens of thousands of potential creditors and other parties in interest, would be an unnecessary and exorbitant cost for the Foreign Representative and the Debtors. Finally, parties on the Master Service List will not be prejudiced by the proposed service herein because the Recognition Hearing Notice will clearly state where and how the Notice Documents may be obtained free of charge and, to the extent that email addresses are available, the Noticing Agent

will incorporate the Notice Documents into the electronic service of the Recognition Hearing

Notice. Thus, the form of Recognition Hearing Notice and the manner and timing of service

comply with Bankruptcy Rule 2002(q), are appropriate in these Chapter 15 Cases and should be

approved.

**WAIVER OF REQUIREMENTS OF SECTION 1514(c) OF THE BANKRUPTCY CODE**

24.    The Foreign Representative respectfully requests that the Court waive, to the extent

applicable, the requirements of section 1514(c) of the Bankruptcy Code, which provides as

follows:

(c)    When a notification of commencement of a case is to be given to foreign creditors, such notification shall—
(1)    indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim;
(2)    indicate whether secured creditors need to file proofs of claim; and
(3)    contain any other information required to be included in such notification to creditors under this title and the orders of the court.

11 U.S.C. § 1514(c).

25.    It is unclear whether section 1514 of the Bankruptcy Code has any application in

the context of an ancillary case under Chapter 15 of the Bankruptcy Code. According to Collier,

section 1514 of the Bankruptcy Code is the "last in a series of sections dealing with the

international aspects of cases under chapters other than chapter 15." *8 COLLIER ON*

*BANKRUPTCY* ¶ 1514.01 (Alan N. Resnick, *et al.*, 16th ed. rev. 2009). In fact, the requirements

for notification set forth in section 1514 are inconsistent with those requirements set forth under

Bankruptcy Rule 2002(q) which clearly applies to a case under Chapter 15 and with which Deloitte

shall comply.

26.    Section 1514(c) applies only when a "notice of commencement" is issued. Under

section 342(a) and Bankruptcy Rule 2002(f), a notice of commencement issues upon the entry of

an order for relief.  However, there is no "order for relief" in a Chapter 15 case, nor is there a

requirement to issue a notice of commencement as in other chapters under the Bankruptcy Code. Moreover, section 342 does not apply in Chapter 15 cases. *See* 11 U.S.C. § 103(a) (stating that "sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter 15"). Accordingly, Deloitte does not believe that the requirements set forth in section 1514 apply to these cases; however, in an abundance of caution, the Foreign Representative respectfully requests that, to the extent applicable, the notice requirements of section 1514 of the Bankruptcy Code be waived in these Chapter 15 Cases.

27.     In any event, the Foreign Representative does not presently intend to conduct a claims process in these Chapter 15 Cases; therefore, the requirements of section 1514(c) are not applicable. To the extent that there is a claims process established in the CCAA Proceedings, Deloitte will comply with any relevant orders issued by the Canadian Court with respect to providing notice of any applicable deadlines or procedures for the filing of claims in the CCAA Proceedings.

## NOTICE

28.     The Foreign Representative requests that the Court grant this Motion without notice. The Foreign Representative will serve notice of entry of the signed order in accordance with the procedures set forth in this Motion. In light of the nature of the relief requested, the Foreign Representative requests that this Court find that no further notice is required.

4876-2140-1760, v. 4

## **CONCLUSION**

**WHEREFORE**, the Foreign Representative respectfully requests the Court to enter an order,

substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other

and further relief as it deems just and proper.


Dated: January 25, 2024
      Wilmington, Delaware                  **CHIPMAN BROWN CICERO & COLE, LLP**


                          */s/ Mark L. Desgrosseilliers*
Mark L. Desgrosseilliers (No. 4083)
Kristi J. Doughty (No. 3826)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email: desgross@ChipmanBrown.com
        doughty@chipmanbrown.com

        -and-

**PERKINS COIE LLP**
Tina N. Moss (*pro hac vice* pending)
1155 Avenue of the Americas
22nd Floor
New York, NY 10036
Tel. (212) 262-6900
Fax. (212) 977-1648
TMoss@perkinscoie.com

Paul Jasper (*pro hac vice* pending)
505 Howard Street
Suite 1000
San Francisco, California 94105-3204
Tel. (415) 344-7000
Fax. (415) 344-7050
PJasper@perkinscoie.com

*Attorneys for Foreign Representative*

4876-2140-1760, v. 4